UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Elizabeth Tillman, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-10-2338 |
| | § | |
| Michael J. Astrue, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Introduction.*

The issues are whether the commissioner followed the required procedures to reach his decision, and whether substantial evidence supports the commissioner's decision that Elizabeth Tillman is not disabled under the Social Security Act. The answers are that the required procedures were followed by the commissioner and that substantial evidence supports the commissioner's decision.

2. *Standard of Review.*

Tillman brought this action for judicial review of the commissioner's final decision to deny her disability benefits.[1]

Judicial review is limited to determining whether there is substantial evidence in the record to support the commissioner's decision. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.[2] A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular.[3]

---

[1] 42 U.S.C. §§ 205(g), 405(g) (2006).

[2] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

[3] U.S. Const. amend. V.

3.   *Statutory Criteria.*

In deciding whether a claimant is disabled, the hearing officer considers medical opinions together with other relevant evidence received.[4]

The law has a five-step process to determine whether a claimant is disabled. First, a claimant is not disabled if she works for substantial gain. Second, a claimant is not disabled unless she has been medically impaired for at least twelve months. Third, a claimant is not disabled unless her impairment meets one listed in appendix 1 of the regulation. Fourth, if the commissioner has yet to make a determination, he will consider the effects of the claimant's impairments on her capacity to work. If the claimant is able to perform her past work, she is not disabled. Fifth, a claimant is not disabled if she can adjust to other work that is a significant part of the national economy.[5]

4.   *Evidence.*

A. *Background.*

Tillman is a 48-year-old woman who says that she is depressed. She says this causes her to be emotionally unstable. Tillman also was injured in a bus wreck in 2003 and says that she is physically disabled by pain in her right shoulder and lower back. Tillman says these limit her capacity to sit, stand, and lift and require her to lie down much of an eight-hour work day.

Tillman received her G.E.D. in 1972 and was certified as a medical assistant. Tillman has worked as a security screener, nurses aid, and cashier. When she applied for social security on June 6, 2003, she said that her disability had begun on February 15, 2003.

The hearing officer found that Tillman's disability did not meet a listed impairment. He decided that Tillman could work in a number of positions, including small final assembler, ticket seller, or cashier, with limitations on her work hours, working in humidity and coldness, and doing complex tasks.

B. *Application.*

---

[4] 20 C.F.R. § 404.1527 (2011).

[5] 20 C.F.R. § 404.1520(a) (2003).

The hearing officer properly found that Tillman was not disabled. The process was correctly followed.

First, Tillman has not been gainfully employed. Second, Tillman has been impaired for more than twelve months. The hearing officer found that Tillman's degenerative disc disease, right shoulder's problems that continued after surgery, plantar fasciitis, obesity, and depression were severely impairing her. Each imposed limitations on her daily activities and were either mildly or moderately restrictive. Third, the officer found that none of Tillman's impairments or combination of impairments met one listed. Fourth, the officer correctly determined that Tillman would be unable to perform her past work as a security screener and nurses aid because of her mental instability. Although Tillman had once worked as a cashier, a career recommended by the vocational expert, the hearing officer did not consider this in step four because Tillman did it for only a short time.

To determine whether Tillman was disabled, the officer considered the evidence from 2003 to 2008. He considered Tillman's medical records and testimony from two impartial medical experts, an impartial vocational expert, and Tillman. Tillman's complaints are inconsistent from time to time. She generally complains of depression and anxiety and reports conflicting conditions of her back and shoulder pain. Tillman says that she is unable to work, yet she still visits her local corner store, watches television, and goes on walks. Tillman's doctors' records indicate that her surgeries were successful, that she recovered without complications, and that her back pain was intermittent. As for Tillman's mental stability, her doctors' records indicate that she appeared to be doing better with the correct medication and therapy–she was more controlled, and even joined a dance class and expressed an interest in volunteer work.

There was enough evidence from Tillman, the state medical consultants, and her doctors' records to show that despite some limitations, Tillman is capable of performing light work to earn an income. Her depression and obesity are reinforcing each other. Her improvements with therapy, her interest in volunteer work, and her claims of pain and limitations that are unsupported by medical evidence, reflect her interest in being paid not to work more than her actual condition.

...
...

...

5. *Conclusion.*

The commissioner's decision denying Elizabeth Tillman's claim for disability payments is supported by substantial evidence and will be affirmed. Elizabeth Tillman will take nothing from Michael J. Astrue.

Signed on February 27, 2012 at Houston, Texas.

Lynn N. Hughes
United States District Judge